UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
ALVARO ALFREDO ERASO MEJIA,                           :
                                                      :
                          Petitioner,                 :        17-CV-4443 (JMF)
                                                      :        11-CR-483-1 (JMF)
         -v-                                          :
                                                      :        MEMORANDUM OPINION
UNITED STATES OF AMERICA,                             :        AND ORDER
                                                      :
                          Respondent.                 :
                                                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Alvaro Alfredo Eraso Mejia was convicted, following a guilty plea pursuant to a cooperation agreement, of three counts of conspiracy to violate the narcotics laws of the United States, and sentenced principally to ninety months' imprisonment. (Docket No. 354).[1] Proceeding *pro se*, he now moves, pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence. In particular, he alleges that his retained counsel was constitutionally ineffective for failing to (1) seek dismissal under the Speedy Trial Act; (2) seek copies of warrants and verify that a wire communications warrant was issued; (3) seek voice exemplars to establish his voice; (4) challenge the government's version of the facts; (5) file pre-trial motions; (6) object to counts and conduct included in the plea agreement that fell outside the time period of the charged conduct; (7) request a downward departure for time spent in Colombian jail; (8) obtain a downward departure to count toward Mejia's lost opportunity to participate in prison programming as a noncitizen; (9) present mitigating evidence of his difficult upbringing; (10) hire an independent chemical analyst to test seized narcotics; (11) hire an

---

[1] Unless otherwise noted, all docket citations are to the criminal case, 11-CR-483-1 (JMF).

independent Spanish translator for the signing of his plea agreement, which allegedly was not translated; (12) seek application of U.S.S.G. § 2D1.1(b), the "safety valve" guideline; (13) seek a downward departure based on Mejia's cooperation with the government; and (14) move for suppression of evidence obtained during the search of a cargo ship. Mejia also asserts that during his plea proceedings, the Court did not provide a Spanish interpreter. (Docket No. 375). For the reasons that follow, Mejia's motion is denied.

Section 2255 permits a prisoner in federal custody to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a general matter, a Section 2255 motion requires a hearing unless files and records conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *see also Machibroda v. United States,* 368 U.S. 487, 494 (1962); *Pham v. United States,* 317 F.3d 178, 184 (2d Cir. 2003). No hearing is required, however, where the movant's allegations are "vague, conclusory, or palpably incredible." *Machibroda,* 368 U.S. at 495. To warrant a hearing, the movant "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). A district court has discretion to exercise its common sense when determining whether to hold a hearing and may investigate facts outside the record without the personal presence of the movant. *See Machibroda*, 368 U.S. at 495; *see also, e.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

Applying these standards here, Mejia's motion is denied in its entirety and without an evidentiary hearing. First, Mejia's claims that the Court did not provide a Spanish translator during the plea proceedings and that he was deprived of effective assistance of counsel because his attorney did not hire an independent Spanish translator to review the plea agreement are both

2

belied by the record. The transcript of the plea proceedings held on December 26, 2013, confirms that Mejia had the assistance of Paul Gold, a certified Spanish-language interpreter. (December 26, 2013 Transcript 1). Further, Mejia answered each of Magistrate Judge Gorenstein's questions, and affirmed as part of the initial colloquy that he had "been able to understand everything" that had "been said" to him. (*Id.* at 4). Moreover, during the plea colloquy, Magistrate Judge Gorenstein confirmed that Mejia was familiar with the December 13, 2013 plea agreement; that it was translated for him into Spanish; that he had discussed it with his lawyer before signing it; and that his lawyer has explained "all of its terms and conditions." (*Id.* at 14). In light of those contemporaneous representations under oath, there is no merit to Mejia's current claims that the Court did not provide a translator or that his lawyer failed to translate the plea agreement. *See, e.g.*, *Marquez v. United States*, No. 11-CR-629 (CS), 2014 WL 12452472, at *3 (S.D.N.Y. Oct. 16, 2014) (denying a Section 2255 motion because the movant's "own statements at his guilty plea belie[d] his claim" (citing cases)).[2]

None of Mejia's other claims attack the validity of his guilty plea or plea agreement. Thus, to the extent that those claims relate to events and matters that preceded his guilty plea (namely, the first, second, third, fourth, fifth, sixth, tenth, and fourteenth claims in the list above), they are foreclosed as a matter of law. *See Rosa v. United States*, 170 F. Supp. 2d 388, 409 (S.D.N.Y. 2001) ("[A] knowing and intelligent guilty plea forecloses independent claims relating

---

[2]    Mejia's unsupported and conclusory claim that his counsel was ineffective for failing to have the plea agreement translated into Spanish fails for another reason. By letter dated November 13, 2017, the Government sought an order requiring Mejia to sign a form waiving any attorney-client privilege so that his former counsel could submit an affidavit with respect to that claim. (Docket No. 381). The Court granted that application, and directed Mejia to sign and return a waiver form by January 12, 2018. (Docket No. 382). The Court cautioned that any "related portions" of Mejia's motion would be denied in the event that he failed to return the form by that deadline. (*Id.*). Mejia never returned the form.

3

to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (internal quotation marks omitted)). That leaves only his sentencing-related claims — namely, that counsel was ineffective for failing to seek downward departures for time spent in Colombian jail, for Mejia's cooperation with the government, and for his inability to participate in prison programming as a noncitizen; to present mitigating evidence of his difficult upbringing; and to seek the "safety valve." But those claims are frivolous. Mejia's counsel zealously, and effectively, represented him at sentencing. In fact, he made many of the arguments that Mejia now faults him for not making, either or both in the nineteen-page sentencing memorandum that he filed on Mejia's behalf or at sentencing. (*See* Docket No. 357; July 13, 2016 Sentencing Transcript ("Sent. Tr."), at 10-19). And most significantly, Mejia *was* granted a downward departure — and a substantial one at that, from a Guidelines range of 235 to 293 months' imprisonment — on the basis of his substantial assistance. (*See* Sent. Tr. 7, 21-22). In light of that departure, Mejia cannot — and certainly does not — show that, but for counsel's performance, his sentence in this matter would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (holding that a defendant alleging ineffective assistance of counsel must show both that "counsel's representation fell below an objective standard of reasonableness" *and* that "there is a reasonable probability that, but for counsel's unprofessional errors, *the result of the proceeding would have been different*" (emphasis added)).

     For the foregoing reasons, Mejia's motion is DENIED in its entirety. Mejia has not made a substantial showing of the denial of a constitutional right, so a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Additionally, this Court certifies pursuant to Title 28, United States Code, Section

4

1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close Docket No. 17-CV-4443, to terminate Docket No. 375 in 11-CR-483-1, and to mail a copy of this Memorandum Opinion and Order to Mejia.

SO ORDERED.

Date: November 30, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge